UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

v. Cr. No. 06-101T

HEBER GOMEZ

PRETRIAL ORDER

The above matter having been placed on the trial calendar for **NOVEMBER 2006** with impanelment scheduled for **NOVEMBER 21st, 2006**, it is hereby

ORDERED:

1. Pleas. Absent a showing of good cause:

a. No plea agreements will be accepted by the Court unless submitted in writing at least one week before impanelment. See Fed. R. Crim. P. 11(e)(5).

b. No plea agreements providing for the dismissal of other counts (See Fed. R. Crim. P. 11(e)(1)(A)) will be accepted unless sufficient information is presented to enable the Court to determine what effect such dismissal may have on the applicable sentencing guideline range and whether the remaining charges adequately reflect the seriousness of actual offense behavior. See U.S.S.G. § 6B1.2(a).

c. No pleas will be taken by the Court during the one week period preceding impanelment unless they have been scheduled before that period.

Counsel are reminded that, under Guidelines § 3E1.1(b)(2), only timely pleas qualify for a three level reduction for acceptance of responsibility.

2. Time for Motions. Any pretrial motions not subject to

the deadline for filing motions set forth in the Arraignment and Pretrial Discovery Order must be filed on or before **NOVEMBER 7th, 2006**. Responses to any such motions must be filed on or before **NOVEMBER 14th, 2006**.

3. Use of Recorded Testimony or Evidence at Trial. Counsel for any party proposing to read or play, during trial, evidence that previously has been recorded (e.g., transcripts, tape recorded conversations) shall comply with the requirements of LR Cr. 23(b).

4. Pretrial Memoranda. On or before **NOVEMBER 14th, 2006**, all counsel shall submit to the Court the following:

An original and one copy of a pretrial memorandum containing:

A. Issues -- a numbered list of the factual and legal issues (including any anticipated evidentiary questions) that counsel expect will be presented or that must be resolved in order to fairly adjudicate the case.

B. Arguments -- a concise statement of counsels' position regarding each such claim or issue together with citations to any authorities relied upon. Copies of any statutes, opinions or other authorities cited shall be submitted with the memorandum.

C. Pending matters -- a list and description of any motions and/or other matters that counsel believes should be considered by the Court

prior to trial.

D. Estimated time of trial -- counsels' estimate of the time required to present his or her evidence and the time required to litigate the entire case.

E. A list of all questions that counsel requests the Court to ask of prospective jurors during voir dire examination.

5. Jury Instructions. On or before **NOVEMBER 14th, 2006** the government shall submit its proposed jury instructions to the defendants. Prior to impanelment, counsel shall meet and confer for the purpose of discussing any modifications proposed by the defendants and shall make an effort to reach agreement with respect to a joint request for jury instructions. Such meeting shall be initiated by counsel for the defendants.

As soon as possible thereafter (but, in any event, no later than the date on which trial commences), counsel shall submit their joint request for jury instructions to the Court. If counsel cannot agree upon a complete set of instructions, counsel shall submit the portion on which they have agreed; and, in addition, each party shall submit any supplemental instructions requested by that party and upon which no agreement could be reached.

Each request shall be numbered and shall be set forth on a separate page in order to facilitate possible integration into the Court's charge. Requested instructions that have not been agreed upon shall contain citations to the legal authority for such instruction.

When all parties have rested, or at such earlier time as the Court designates, counsel will be afforded an opportunity to submit supplemental requests for jury instructions with respect to unanticipated issues raised by the evidence presented. Individual requests for supplemental instructions will not be considered unless the requesting party makes a strong showing that, in the exercise of due diligence, it could not have made the request on or before the date on which trial commenced.

Any claim or defense for which no proposed charge is submitted may be deemed waived and failure to object to any proposed charge, as hereinbefore provided, may be deemed a waiver of any objection to such proposed charge.

6. Estimated Time of Trial. On or before **NOVEMBER 7th, 2006**, counsel for each party shall submit to the Court a precise estimate regarding the number of days required to present his or her case.

7. Witness and Exhibit List. Before presenting evidence, each party shall submit, to the Court, the following witness and exhibit lists:

A. Witness List - a list of all witnesses whose testimony the party filing the list intends to present at trial (indicating whether such testimony will be live or by way of deposition).

B. Exhibit List - A list of all exhibits that the party filing the Supplement intends to offer at trial. The list should sufficiently describe the exhibit and include the date on which it was created. In addition, 1-2 lines of

space should be provided between each exhibit to permit the Court to make brief notes with respect to the exhibit. The following format is illustrative:

| Identifi-cation | Full | Exhibit Number | Description of Exhibit |
|---|---|---|---|
| | | 1 | 3/22/96 letter from John Doe to Mary Smith |
| | | 2 | 7/10/96 purchase agreement between X Corp. and Richard Roe |
| | | 3 | 9/1/96 photo of 101 Elm St. |

Failure to timely file a witness list and/or exhibit list or to include a witness or exhibit may be grounds for sanctions or excluding from evidence the witness or exhibit not disclosed.

At or before the conclusion of the evidence, counsel for each party shall submit a list of only those exhibits that have been admitted into evidence in a form suitable for submission to the jury that will enable the jurors to identify and locate the exhibits.

8. Exhibit Book. Before presenting evidence, each party shall submit to the Court, an exhibit book that consists of copies of those documents and/or photographs set forth on its exhibit list that the party intends to offer at trial. Said copies shall be arranged in order in one or more three-ring binders and shall be separated by tabs bearing labels corresponding to each exhibit's designation (e.g., Ex. A, Ex. B,

etc.). The exhibit designations shall correspond to those on the Exhibit List furnished to the Court and to the pre-markings on the original documents and photographs that will be offered as evidence.

Plaintiff's exhibits shall be marked numerically; and, in the case of groupings of related exhibits, they shall be marked with a number and a letter (e.g. 1A, 1B, 1C).

Defendant's exhibits shall be marked alphabetically; and groupings of related exhibits shall be marked with a letter and a <u>copies</u> of those documents and/or photographs set forth on its exhibit list that the party intends to offer at trial. Said copies shall be arranged in order in one or more three-ring binders and shall be separated by tabs bearing labels corresponding to each exhibit's designation (e.g., Ex. A, Ex. B,

etc.). The exhibit designations shall correspond to those on the Exhibit List furnished to the Court and to the pre-markings on the original documents and photographs that will be offered as evidence.

Plaintiff's exhibits shall be marked numerically; and, in the case of groupings of related exhibits, they shall be marked with a number and a letter (e.g. 1A, 1B, 1C).

Defendant's exhibits shall be marked alphabetically; and groupings of related exhibits shall be marked with a letter and a number (e.g. A1, A2, A3). After the letters of the alphabet have been exhausted, Defendant's exhibits shall be marked with double letter designations (e.g. AA, BB, CC).

9. <u>Trial</u>. This case shall be in order for trial at any time after the date fixed for filing pretrial memoranda. Once the

case is placed on the Court's trial calendar, counsel should be prepared to proceed at time of impanelment or upon 24 hours notice thereafter. It is the duty of counsel to maintain contact with the calendar clerk to ascertain the status of the case from time to time.

BY ORDER:

Deputy Clerk

ENTER:

Ernest C. Torres
United States District Judge
Date: 11/2/07

pretrial order criminal
December 21, 2005