IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | CR. No. 06-101T |
| | : | |
| HEBER ENRIQUE GOMEZ | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S PRESENTENCE INVESTIGATION REPORT OBJECTIONS**

Defendant Heber Enrique Gomez (Gomez) awaits sentencing following his plea of guilty to the offense of reentry after deportation, in violation of 8 U.S.C. § 1326(a). By letter sent to the United States Probation Officer, Gomez objects to certain portions of the presentence investigation report (PSR) which may be summarized as follows: 1) he should be assigned only one criminal history point for the conviction referenced at PSR ¶ 27; and 2) he should not be classified as an aggravated felon for sentencing purposes. Further, he seeks a departure on various grounds from the advisory guidelines range. His range is 18 to 24 months. PSR ¶ 48. He does not specify the sentence he seeks.

Defendant's Criminal History Score

Gomez was convicted on July 24, 2000 of possession of marijuana (Ct. 1), reckless driving (Ct. 2), and resisting arrest (Ct. 3). PSR ¶ 27. The sentence on count 1 was later vacated, and Gomez was re-sentenced on that count. Gomez received a sentence of seven months suspended/probation on count 3. He was violated on that count on November 22, 2000 and sentenced to ninety days imprisonment. Under the guidelines, a sentence for resisting arrest is counted only if the term of imprisonment is at least thirty days or the term of probation is at least

one year. U.S.S.G. § 4A1.2(c). A sentence of imprisonment of at least sixty days qualifies for two criminal history points. U.S.S.G. § 4A1.1(b).

A sentence of imprisonment imposed upon revocation of a probationary sentence qualifies as a sentence countable for criminal history purposes. The guidelines direct that the original term of imprisonment be added to any term of imprisonment imposed upon revocation, with the resulting total used to compute the number of applicable criminal history points. U.S.S.G. §4A1.2(k)(1); United States v. Galvan, 453 F.3d 738, 740 (6th Cir. 2006) (to calculate criminal history points, add the original term of imprisonment to any term of imprisonment imposed upon revocation). By this method, the guidelines ensure that no more than three criminal history points are assigned to any single conviction. U.S.S.G. §4A1.2 comment. n.11.

The various circuits have clearly held that the original term of imprisonment and the term of imprisonment imposed upon a revocation of probation or parole are considered a single sentence. United States v. Hidalgo-Macias, 300 F.3d 281, 285 (2nd Cir. 2002) ("[I]mposition of a sentence of imprisonment following revocation of probation is a modification of the original sentence, and must be considered part of the 'actual sentence imposed' for the original offense."); United States v. Romary, 246 F.3d 339, 343 (4th Cir. 2001) (post-conviction penalties are attributed to the original conviction); United States v. Latimer, 991 F.2d 1509, 1515 (9th Cir. 1993) (the combined sentence of the original term and the revoked term counts as a single sentence).

The ninety-day term of imprisonment imposed upon count 3 qualifies for two criminal history points, not one as Gomez contends. This objection should be rejected.

The Aggravated Felony

Gomez argues that his guidelines offense level should not be increased by eight levels because his previous state felony convictions for possession of controlled substances do not qualify as aggravated felony convictions. U.S.S.G. § 2L1.2(b)(1)(C). He cites to the recent Supreme Court decision of Lopez v. Gonzales, __ U.S. __, 127 S.Ct. 625 (2006) in support of this contention.

In Lopez, the Eighth Circuit Court of Appeals affirmed a decision of the Board of Immigration Appeals (BIA) which in turn had affirmed the decision of an Immigration Judge that Lopez had ben convicted of an aggravated felony and should be removed from the United States. Lopez had a previous South Dakota state felony conviction for aiding and abetting the possession of cocaine, the basis for the aggravated felony finding. The Supreme Court reversed and remanded the case.

The Lopez Court presented the question as follows: "whether conduct made a felony under state law but a misdemeanor under the Controlled Substances Act is a 'felony punishable under the Controlled Substances Act.' 18 U.S.C. § 924(c)(2)." The Court held it was not. 127 S.Ct. At 627.

The Court noted that the Immigration and Nationality Act (INA) defines an aggravated felony through a list that includes "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)." 8 U.S.C. § 1101(a)(43)(B). Section 924(c)(2) defines drug trafficking crime, in part, as "any felony punishable under the Controlled Substances Act (21 U.S.C. § 801 et seq.)." The drug trafficking crime must be punishable as a felony under the federal Act. 127 S.Ct. at 631.

A felony is an offense for which the maximum authorized term of imprisonment exceeds one year. 18 U.S.C. § 3559(a). Under the Controlled Substances Act, simple possession of most controlled substances are treated as misdemeanor offenses. The maximum term of imprisonment does not exceed one year. 21 U.S.C. § 844(a). However, there are several notable exceptions in that statute where simple possession of a controlled substance is not treated as a misdemeanor. If the defendant commits the possession offense after a prior conviction for any drug offense, including an offense under state law, the penalty set forth is not less than 15 days nor more than two years imprisonment. The maximum term of imprisonment of two years makes a second offense conviction a felony offense. The Lopez Court recognized this exception when it stated that a recidivist drug possession crime was a drug trafficking crime under 18 U.S.C. § 924(c)(2). 127 S.Ct. at 630, n.6.

Here, Gomez has two prior drug possession convictions: one in 1996 and the second in 2001. PSR ¶¶ 25 and 26. The 2001 conviction resulted from a plea specifically to a charge of possession of a controlled substance, second offense. Gomez, therefore, is properly classified as an aggravated felon because his 2001 conviction for drug possession, second offense, would be a recidivist drug possession felony offense, having a maximum term of imprisonment of two years, under the Controlled Substances Act, 21 U.S.C. § 844(a). As a felony offense under the Controlled Substances Act, it clearly fits within the definition of drug trafficking crime found in 18 U.S.C. § 924(c).

The Departure

The four factors cited by Gomez, either alone or in combination, do not justify a downward departure or variance from his guidelines range of 18 to 24 months.

Gomez argues that he spent 29 months in administrative detention awaiting action by the BIA and that should count as some form of credit towards the sentence on this case. Gomez was arrested in 1994 and pleaded nolo contendere to a drug possession charge in 1996. ICE files do not reflect that any removal proceedings were initiated against him. He was next arrested in 1999 and pleaded nolo contendere to a second offense drug possession charge in 2001. Ice files reflect that as a result of this arrest, notice of a removal action was given to Gomez in December 1999. It appears that Gomez did not come into ICE custody until March 12, 2001. Gomez contested his removal, and a hearing was held before an Immigration Judge. The Judge rendered his decision on January 29, 2002 ordering Gomez removed to the Dominican Republic. Gomez appealed to the BIA on or about February 27, 2002. On or about April 23, 2003, the BIA denied his appeal and ordered him removed. In the meantime, Gomez filed a Petition For Writ Of Habeas Corpus in United States District Court for the District of Rhode Island on April 11, 2003. The case was assigned to Senior Judge Ronald R. Lagueux. C.A. No. 03-00135L. The petition was denied by Judge Lagueux on October 30, 2003. Gomez was removed on November 21, 2003.

Not only is the time spent in ICE detention two years prior to his unlawful reentry into the United States completely irrelevant to a departure analysis, but it is likely that the time spent in ICE custody by Gomez was appreciably lengthened due to his decision to pursue relief before the BIA and the United States District Court. This ground should be rejected.

Gomez argues that his return to the United States was motivated by his desire to assist his daughter whom he claims was a sexual abuse victim. Why Gomez decided to reenter the United States is irrelevant for any purpose, particularly for purposes of serving as a basis for downward departure. See, United States v. Hernandez-Baide, 392 F.3d 1153, 1158 (10th Cir. 2004)

(reentering United States to settle parental custody concerning 11-year old daughter does not, as a matter of law, support a downward departure for convictions under 8 U.S.C. § 1326); United States v. Saucedo-Patino, 358 F.3d 790, 794-95 (11th Cir. 2004) (defendant's motive for reentry, support of his family, not relevant under guidelines); United States v. Dyer, 325 F.3d 464, 470-71 (3rd Cir. 2003) (motive of the illegal entrant in reentering the United States is irrelevant); United States v. Carrasco, 313 F.3d 750, 755-56 (2nd Cir. 2002) (fact that defendant reentered the United States to care for his ill father, not to commit another crime, is not relevant under 8 U.S.C. § 1326 and does not support a departure).

Further, this does not appear to be a case where upon hearing news that his daughter had been sexually abused, Gomez dropped everything and immediately embarked on his journey to the United States. Gomez advised ICE agents that he paid $12,000 to travel to the United States and that he had his fingerprints altered in the Dominican Republic. In addition, when arrested, Gomez was in possession of a Rhode Island Operator's License containing his picture, but in the name of Yamil Garcia, as well as a Social Security card in the name of Yamil Garcia. Such preparations are not consistent with "spur of the moment" action and a temporary stay, but are more consistent with designs for a permanent stay. This ground should be rejected.

The government has previously addressed in this memorandum the issue of whether Gomez has an aggravated felony conviction. This ground should be rejected.

Gomez' argument that he was not afforded proper procedural and administrative remedies in his deportation proceedings should likewise be rejected as a departure ground. He does not specify the nature of the procedural flaws. Further, the record aptly demonstrates that Gomez had a hearing before an Immigration Judge, appealed to the BIA, and sought relief in this Court. The

fact that Gomez was unsuccessful after three full and fair hearings does not constitute procedural flaws. Even if such flaws did exist, sentencing is neither the time nor the place to raise them.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,
ROBERT CLARK CORRENTE
United States Attorney

/s/ Kenneth P. Madden
Kenneth P. Madden
Assistant U.S. Attorney
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5054
401-709-5002 (fax)
Kenneth.madden@usdoj.gov
R. I. Bar # 1680

CERTIFICATION

I hereby certify that on the 5th day of March, 2007, I electronically filed and served the Within Government's Response to:

Timothy J. Morgan, Esq.
Law Offices
33 College Hill Road, Suite 15G
Warwick, RI 02886

/s/ Kenneth P. Madden
Kenneth P. Madden
Assistant U.S. Attorney
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5054
401-709-5002 (fax)
Kenneth.madden@usdoj.gov
R. I. Bar # 1680