MANDATE

06-00101

# United States Court of Appeals
## For the First Circuit

---

No. 07-1543

UNITED STATES,

Appellee,

v.

HEBER GOMEZ,

Defendant, Appellant.

---

Before

Boudin, Chief Judge,
Stahl, Senior Circuit Judge,
and Lynch, Circuit Judge.

---

JUDGMENT

Entered: November 13, 2007

After a thorough review of the record and of the parties' submissions, we affirm. Appellant Heber Gomez's challenge to the validity of his guilty plea fails under plain error review. See United States v. Gandia-Maysonet, 227 F.3d 1, 5 (1st Cir. 2000). While it is true that an alien facing illegal reentry charges may collaterally attack the underlying removal order under limited circumstances, see 8 U.S.C. § 1326(d), Gomez cites no authority in support of his assertion that the court was required to advise him of his limited rights under subsection 1326(d) before accepting his guilty plea, and nothing in Fed. R. Crim. P. 11 requires the court to so advise the defendant. Thus, he has failed to demonstrate any error in the proceedings at all, much less a "plain" error.

Gomez also claims that his 18-month sentence is unreasonable. The court cited three reasons for imposing a sentence two months above the top of the computed guideline range; and all three reasons were appropriately considered under 18 U.S.C. § 3553(a). Gomez argues that the court should not have looked at the facts

underlying his prior convictions; but subsection 3553(a) expressly allows the court to consider the defendant's history, including the nature of his past crimes. In reviewing a sentence for reasonableness, this court looks for a plausible explanation and a defensible overall result. See United States v. Jiménez-Beltre, 440 F.3d 514, 519 (1st Cir. 2006), cert. denied, 127 S. Ct. 928 (2007). The explanation here was thorough, and the result -- a sentence only two months above the guideline range -- was within reasonable limits. See United States v. Scherrer, 444 F.3d 91, 93 (1st Cir. 2006), cert. denied, 127 S. Ct. 927 (2007).[1]

Gomez's claim of ineffective assistance is not cognizable here. See United States v. Rodriguez, 457 F.3d 109, 117 (1st Cir. 2006) (citations omitted), cert. denied, 127 S. Ct. 1312 (2007).

Affirmed. See 1st Cir. R. 27.0(c).

By the Court:

Richard Cushing Donovan, Clerk.

**Certified and Issued as Mandate under Fed. R. App. P. 41.**

**Richard Cushing Donovan, Clerk**

**Deputy Clerk**

**Date:** 12/7/07

By: CARTER
Chief Deputy Clerk.

[cc: Robert M. Thomas, Jr., Esq., Kenneth P. Madden, AUSA, Donald Lockhart, AUSA, Heber Gomez]

[1]As the government has not appealed the court's refusal to impose an increase in Gomez's offense level pursuant to U.S.S.G. § 2L1.2(b)(1)(C), we do not decide whether the district court's refusal to impose that increase was correct.